*Gilbert, for appellant.*

*Palmer, for appellee.*

---

## THOMAS A. BERRYMAN *v.* W. B. ROBERTS.

**Parties to Foreclosure Proceedings—Mortgages.**

Morrow gave Berryman a mortgage, as a lien for B. becoming M.'s surety on a note to Ireland. The note was transferred to Stair. In a suit by the administrator of Morrow to settle the estate and have the mortgage foreclosed, held, that Berryman was the only necessary party to such foreclosure proceedings.

**Same—Judicial Sale—Excepting to Commissioner's Report.**

While the mortgagee could have had his lien asserted prior to other

creditors, no exceptions having been made to the commissioner's report at the time, a purchaser under the foreclosure proceedings cannot afterwards be ousted.

**Same.**

The mortgagee would only have the right to have the judgment of distribution of assets corrected.

APPEAL FROM OWEN CIRCUIT COURT.

January 14, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Berryman having become security for Hiram Morrow in a debt of $348 to Thomas A. Ireland, took a mortgage on Morrow's land to secure him. The note had been several times assigned until Stair became its owner. Morrow having died insolvent, his administrator filed a petition against his heirs and creditors to settle the estate wherein he made Berryman a defendant, set up the mortgage, and called on him to manifest his lien if the debt still rmained unpaid, prayed for a sale of the land, etc.

Berryman answered asserting his mortgage, saying, however, that the debt had passed by assignment to Stair, and that he did not know whether it was paid or not. He made Stair a party to this cross petition, but took out no process against him. Nor was Stair made a party by name to the original petition of the administrator.

Stair, however, presented and authenticated his debt before the master commissioner, who reported it among the general creditors not entitled to priority. The land was adjudged to be sold and Roberts became the purchaser at the judicial sale, paid the purchase price, which was subsequently distributed according to the unexcepted to commissioner's report, and a deed of conveyance made him.

Stair having, in this proceeding, only received a *pro rata* allowed the general creditors, afterwards recovered the remainder of his debt from Berryman, who thereupon brought this suit against Roberts, the purchaser at the judicial sale, to enforce his said mortgage against Morrow, the decedent, which however, the court dismissed absolutely, and Berryman seeks a reversal.

The sole question is whether this land, in the hands of the purchaser at a judicial sale, in proceedings to which the administrator and heirs of the mortgagor and the mortgagee were parties, is now subject to said mortgage.

It was not only the privilege but the duty of the administrator of this insolvent intestate to seek a foreclosure of the mortgage or a release of the land and sale of the intestate's interest therein. And although Stair holding the debt was equitably entitled to Berryman's lien through him, still, as Berryman was the mortgagee and had procured the mortgage for his own security, he was the only essential party to its foreclosure, at the instance of the mortgagor or his representatives.

All the essential parties being before the court, a sale by its direction in the administrator's suit secured to the purchaser a good legal and unencumbered title as to such parties.

Berryman or Stair could have excepted to the commissioner's report and thereby secured the payment of said debt, out of the proceeds of the sale of the land, but having failed to do so it is now too late to assert the mortgage as against the purchaser at the judicial sale.

If any remedy is left Berryman it is by the correction of the judgment of distribution in the suit of Morrow's administrator.

Wherefore the judgment is *affirmed*.

*Lindsey, for appellant.*

*Craddock, for appellee.*